# Court of Appeals.

*January*, 1887.

## PEOPLE v. WIGHTMAN.

### BLACKMAIL—THREATENING LETTERS—PLEADING—ADMISSIONS.

A false accusation in writing of an act involving moral turpitude, *e. g.* illicit intercourse, resulting in pregnancy, known by the party making it to be false, accompanied with a suggestion that legal proceedings will be taken, unless the person against whom it is made purchases silence, and which is sent for purposes of extortion, is a threat within section 558, Penal Code, although in form the accused is simply called upon to render satisfaction for that which, if the charges were true, would entitle the accuser to a pecuniary compensation.

The mere form in which the threat is made is not decisive, and it cannot be held that to support a conviction under said statute for sending a threatening letter, the letter complained of must not only in itself contain a threat, but it must, on its face, be a threat to do an illegal thing.

An averment in an indictment under said statute, that the defendant for the purpose of extorting money from the prosecutor, threatened to expose him to disgrace by falsely charging him with the acts stated, fairly implies that the defendant knew the charge contained in the letter was false.

An admission on the record on appeal of the trial of such an indictment (no evidence being set forth), that evidence was given tending to prove the acts charged therein, will be deemed to cover not merely the bare act of sending the letter in question, but the circumstances averred in connection therein, *i. e.* that it was a scheme to extort money by false pretenses.

APPEAL, by defendant, Andrew J. Wightman, from a judgment rendered against him by the Court of Oyer and Terminer in and for the City and County of New York, upon the verdict of a jury convicting him upon his separate trial of a felony, viz: blackmail, under § 558 Pen. Code, as charged against him and others jointly in the first five counts of the indictment.

Also appeal from the judgment of the general term of

the first department affirming the above judgment of conviction.

The facts appear in the opinions.

*Thomas N. Tyng*, for the prisoner appellant.

*Randolph B. Martine*, district attorney, and *McKenzie Semple* (assistant), for the people respondents.

The following opinion was delivered at General Term:

DANIELS, J.—The case containing the exceptions as it has been settled, states that the people to maintain the issues on their part introduced evidence tending to prove the acts charged in the first five counts of the indictment. At the close of the evidence given to prove the charges contained in those counts, an application was made for the acquittal of the defendant on the ground that the acts charged in such counts and proved by the evidence were not sufficient to constitute a crime and that the evidence was not sufficient to warrant a conviction of the crime therein charged, in that the letter or writing did not threaten to do any or either of the acts specified in § 558 of the Penal Code. The motion was denied and to the decision made the defendant excepted.

These were the only objections taken to the case made against the defendant at the trial, and they present the simple question whether proving the acts set forth in the first five counts of the indictment constituted a crime under this section of the Code. To determine this point it becomes necessary to examine these counts of the indictment, and such an examination, particularly of the third, fourth and fifth counts discloses the acts of the defendant to be such as to include the sending and causing to be forwarded to and received by one Charles C. Sears, the letter contained in each of these counts of the indictment, thereby threatening falsely and unjustly to cause and procure him to be put to great charge and expense of his moneys and give security for the maintenance of a child of which the woman named

in the counts was alleged to be then pregnant, and that the appellant with the other defendants knew the contents of the letter and intended by means thereof, to extort and gain money from the person to whom it was written and by whom it was received. That is the substance of the third count of the indictment. The fourth is very much the same in substance; while the fifth contains similar allegations averring the writing and sending of the letter threatening to expose Sears to, and to impute to him disgrace, and to falsely and publicly accuse him of certain immoral conduct which, if true, would tend to and would degrade and disgrace him. To this statement is superadded the averment that the letter was sent and forwarded to and received by Sears, and contained the charge of improper conduct included in the other counts and that this was done by the defendants with the intent and by means thereof to extort and gain money from Sears.

The case was argued by the defendant's counsel upon the theory that it wholly depended upon the language and import of the letter itself. If this position were sound and the letter were written and forwarded for the purpose of indemnifying or protecting May A. Thatcher, named in the indictment, no offense would have been committed and the argument of the counsel would undoubtedly be sound. But that is not the case as the indictment presented it, and the evidence tended to prove the facts, for the averments contained in the indictment extended far beyond the writing and sending of the letter for any purpose of protection or indemnity to this woman, and averred the facts to be that the object in writing and sending the letter to Sears was to extort and gain money from him by falsely and publicly accusing him of the immoral conduct described and set forth in those counts. These were as much the acts referred to, and which the evidence tended to establish, as the writing and mailing of the letter itself. They were each of them distinct parts of the crime intended to be charged, and in substance they disclose the facts to be that the appellant,

with the other defendants, caused this letter to be written and sent to Sears, intending thereby to extort money from him by the threat, communicated through the letter, of publicly and falsely making the accusation mentioned against him to render this extortion successful.

These are the prominent acts set forth in the indictment and bring the case within this section of the Penal Code by which it has been declared to be a crime for any person, knowing the contents thereof and with intent by means thereof to extort any money or other property, or to do, abet or procure any illegal or wrongful act, to send, deliver or in any manner cause to be forwarded or received any letter or writing threatening to expose or impute to any person any deformity or disgrace. The indictment was framed under this construction and language of the statute. By its allegations it brought the case within those provisions, and as the evidence sufficiently tended to prove them to support the verdict rendered by the jury, the judgment from which the appeal has been taken should be affirmed.

VAN BRUNT, P. J., BARTLETT, J., concur.

The following opinion was delivered by the Court of Appeals:

ANDREWS J.—Omitting the superfluous words in the indictment, it charges, among other things, in substance, that the defendant and others, well knowing the contents of the letter and with intent to extort money from the prosecutor, did on a day and at a place mentioned in the indictment feloniously send and cause to be sent to and received by the prosecutor the letter set out in the indictment, threatning to expose him to disgrace by falsely and publicly accusing him of having had sexual intercourse with one May A. Thatcher, an unmarried female, resulting in her pregnancy of a child likely to be born a bastard. The letter set out in the indictment purports to have been written by one of the co-defendants, an attorney-at-law, in behalf of May A. Thatcher, and was addressed to the prosecutor. The letter after stat-

ing that the writer had been informed by May A. Thatcher that there had been sexual intercourse between her and the prosecutor and that she was with child by him, proceeds as follows; "I suppose you are aware that under these conditions you are liable for the support of the child and the mother's expenses during her sickness. Are you willing to make suitable provision for such liability and thereby avoid publicity or will it be necessary to take legal steps in the matter?" The defendant was tried and convicted. The evidence is not contained in the record. The bill of exceptions states that the people to maintain the issues on their part introduced evidence tending to prove the acts charged in the first five counts of the indictment. It must be assumed, therefore, that the evidence justified the jury in finding that the defendant knowingly sent a letter to the prosecutor, falsely charging him with having had illicit intercourse with May A. Thatcher, resulting in pregnancy, and that it was sent for the purpose of extortion. It is claimed on behalf of the defendant that to support a conviction under Section 558 of the Penal Code for sending a threatening letter, the letter complained of must not only in itself contain a threat, but it must on its face be a threat to do an illegal thing. It is doubtless true that a demand for indemnity for a wrong, made in good faith, accompanied by a suggestion that legal proceedings will be resorted to unless satisfaction is voluntarily made, is not a threat within the statute, although the wrong is one the disclosure of which would bring disgrace upon the guilty party. But, if the party making the demand knows that he has suffered no wrong, a threat to prosecute, unless settlement is made, might, we conceive, bring the case within the statute, although on the face of the letter the party writing it might seem to be asserting only his legal rights. In other words, a false accusation in writing of an act involving moral turpitude, known by the party making it to be false, accompanied with a suggestion that legal proceedings will be taken unless the person against whom it is made purchases silence, may be a threat within the statute, although

in form the accused is simply called upon to render satisfaction for that which if the charge was true, would entitle the accuser to a pecuniary compensation. The mere form in which the threat is made is not decisive. The letter in this case distinctly intimated that legal proceedings would be taken to enforce the liability unless the prosecutor made voluntary provision for the mother and child, and he is asked whether he is willing to do this to avoid publicity. The averment in the indictment that the defendant, for the purpose of extorting money from the prosecutor, threatened to expose him to disgrace by falsely charging him with the criminal acts stated, fairly implies that defendant knew the charge contained in the letter was false, and the admission in the record that evidence was given tending to prove the acts charged in the indictment must have been intended to cover not merely the bare act of sending the letter, but the circumstances averred in connection with the act, that is, that it was a scheme to extort money by making a false charge.

We think the indictment was good in substance, and that the conviction should be affirmed. See *People* v. *Thompson*, 2 N. Y. Crim. Rep. 520; 97 N. Y. 313; *Reg.* v. *Handy*, 4 Cox. Cr. C. 243; *Rex.* v. *Tucker*, 1 Moody, 134.

All concur.

Judgment affimed.